IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50030
Summary Calendar
_____

SEAN DAVID CARPENTER,

Plaintiff-Appellant,

versus

JOHN DOE, in individual capacity; KAY PAUL, in individual
capacity; GERALD ELLIOT, in individual capacity; STEVE COUTIER,
in individual capacity; GARY SHERLEY, in his official and
individual capacity; LARRY F. TINSLEY, in his official and
individual capacity; CHRISTINE SINK, in her individual capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-195
--------------------
July 1, 2002

Before JOLLY, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Sean David Carpenter, Texas prisoner # 920783, has moved

this court for permission to proceed in forma pauperis (IFP) on

appeal following the district court's dismissal of his 42 U.S.C.

§ 1983 complaint for failure to state a claim based on its

determination that his claims were time-barred and barred by Heck

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Humphrey, 512 U.S. 477 (1994). By moving for IFP, Carpenter is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). A dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

We hold that the district court correctly dismissed Carpenter's claims arising from the events that occurred between September 25, 1998, and November 11, 1998, as time-barred. See Baugh, 117 F.3d at 202 (where merits of appeal are intertwined with the certification decision, this court may determine both issues). We further hold that Carpenter has not demonstrated that a nonfrivolous issue exists whether the district court erred in dismissing his claims that allegedly arose between May 12 and May 26, 1999, pursuant to Heck.

Carpenter has failed to show that his appeal involves nonfrivolous legal issues. His claims are "inextricably intertwined" with the district court's certification decision, and, therefore, we dismiss the appeal as frivolous in the interest of judicial economy. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.

Motion for IFP status DENIED; appeal DISMISSED.